**HEARST** *corporation*

*Jonathan R. Donnellan*
*Vice President*
*Deputy General Counsel*

September 3, 2015

**Office of**
**General Counsel**

*Eve Burton*
**Senior Vice President**
**and General Counsel**

*Jonathan R Donnellan*
*Mark C Redman*
**Vice President**
**Deputy General**
**Counsel**

*Kristina E Findikyan*
*Larry M Loeb*
*Kenan J Packman*
*Peter P Rahbar*
*Maureen Walsh*
*Sheehan*
*Ravi V Sitwala*
*Jack Spizz*
*Debra S Weaver*
**Senior Counsel**

*Jennifer Bishop*
*Abraham S Cho*
*Marianne W Chow*
*Adam Colón*
*Travis P Davis*
*Carolene S Eaddy*
*Shari M Goldsmith*
*Carl G Guida*
*Audra B Hart*
*Diego Ibargüen*
*Charlotte Jackson*
*Siu Y Lin*
*Alexander N Macleod*
*Kate Mayer*
*Kevin J McCauley*
*Alexandra McGurk*
*Jonathan C Mintzer*
*Aimee Nisbet*
*Elliot J Rishty*
*Shira R Saiger*
*Eva M Saketkoo*
*Aryn Sobo*
*Jennifer G Tancredi*
*Stephen H Yuhan*
**Counsel**

*Catherine A Bostron*
**Corporate Secretary**

BY EMAIL

Honorable Analisa Torres
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   ***Suzanne Boelter, individually and on behalf of others similarly situated v. Hearst Communications, Inc.*, Case No. 15 Civ. 03934 (AT)**

Dear Judge Torres:

    I write on behalf of Defendant Hearst Communications, Inc. ("Hearst"), in accordance with Rule III.A(ii) of Your Honor's Individual Practices in Civil Cases. Hearst respectfully requests a conference concerning Hearst's anticipated motion to strike the Complaint's request for injunctive relief pursuant to Fed. R. Civ. P. 12(f) and/or 23(d)(1)(D). In short, the prayer for injunctive relief should be stricken from the Complaint for two reasons. First, injunctive relief is not provided for under the Michigan Video Rental Privacy Act ("VRPA"). Second, any such relief would function as an unconstitutional prior restraint.

    The Complaint seeks, *inter alia*, money damages and an injunction prohibiting Hearst from engaging in speech about its subscribers. (*See* Compl. ¶ 73) The injunction that Plaintiff seeks is extraordinary, as an order forbidding Hearst from engaging in speech is not authorized by the VRPA and, moreover, would function as a classic prior restraint. *See Alexander v. United States*, 509 U.S. 544, 550 (1993) ("Temporary restraining orders and permanent injunctions—i.e., court orders that actually forbid speech activities—are classic examples of prior restraints.").

    Motions to strike are granted where the relief sought in the Complaint is not provided for in the plain terms of the statute at issue. *See Finnan v. L.F. Rothschild & Co.*, 726 F. Supp. 460, 465 (S.D.N.Y. 1989) (Leval, J.) (granting motion to strike the claim for punitive damages in a case involving violations of the Worker Adjustment and Retraining Notification Act because "[t]here is no right to punitive damages under WARN"); *Whitney v. Greater N.Y. Corp. of Seventh-Day Adventists*, 401 F. Supp. 1363, 1369, 1371 (S.D.N.Y. 1975) (granting "[t]he motion to strike the prayer for compensatory and punitive damages" from plaintiff's Title VII suit,

*300 West 57 Street*
*New York, NY 10019*
*T  212 649 2051*
*F 646 280 2051*
*Email: jdonnellan@hearst.com*

because "[n]owhere does the statute itself expressly authorize the award of damages, either general or punitive"); *see also Scharff v. Claridge Gardens, Inc.*, No. 88 CIV. 2047 (JMC), 1993 WL 287734, at *1, *8 (S.D.N.Y. July 28, 1993) (granting "motion to strike plaintiffs' prayer for punitive damages" because "there is no basis for an award of punitive damages," based on plaintiff's breach of contract claim where such damages are not permitted); *Simmons v. Sports Training Inst.*, 692 F. Supp. 181, 182 (S.D.N.Y. 1988) ("The Court agrees with defendants that an action for compensatory or punitive damages will not lie under Title VII. . . . Thus, plaintiff's demands for compensatory and punitive damages and for a jury trial are stricken." (internal citations omitted)).  The Court should strike the request for an injunction on the basis that such relief is "not recoverable under the statute" and therefore "immaterial and impertinent" under Rule 12(f).  *See Garland v. Wal-Mart Stores, Inc.*, No. 09-1067-STA-EGB, 2009 WL 3241701, at *2 (W.D. Tenn. Sept. 30, 2009) (accepting recommendation that the "injunctive relief that Plaintiff seeks [is] immaterial and impertinent," because the Electronic Fund Transfer Act "does not include disgorgement and injunctive relief as remedies in its list of available remedies").

Here, the VRPA provides for monetary relief only in civil cases; it does not provide for injunctive relief.  *See* M.C.L. § 445.1715 (providing only for damages, costs, and attorney fees). For this reason alone, the request for injunctive relief must be stricken, as such relief is unsupported by the VRPA.

Moreover, the Complaint's request for injunctive relief should be stricken because it asks the Court to issue an unconstitutional order that would forbid Hearst from engaging in speech that is protected by the First Amendment.  A court-ordered injunction on speech is a classic form of prior restraint that violates the First Amendment.  *See Alexander*, 509 U.S. at 550; *United States v. Quattrone*, 402 F.3d 304, 309 (2d Cir. 2005).  Since the landmark case of *Near v. Minnesota*, 283 U.S. 697 (1931), the Supreme Court has made clear that any prior restraint on expression is presumptively unconstitutional and a heavy burden rests on a party seeking to impose a prior restraint.  *See, e.g.*, *N.Y. Times Co. v. United States*, 403 U.S. 713 (1971) (per curiam); *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Emps. & Rest. Emps. Int'l Union*, 239 F.3d 172, 176 (2d Cir. 2001) ("A 'prior restraint on expression comes . . . with a "heavy presumption" against its constitutional validity.'" (alteration in original) (quoting *Org. for a Better Austin v. Keefe*, 402 U.S. 415, 419 (1971))).  "[P]rior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights. . . . and by definition, [have] an immediate and irreversible sanction." *Nebraska Press Ass'n. v. Stuart*, 427 U.S. 539, 559 (1976) ("The main purpose of the First Amendment is to prevent all such [p]revious restraints upon publications as had been practiced by other governments." (internal citation and quotation marks omitted)).  "When a prior restraint takes the form of a court-issued injunction, the risk of infringing on speech protected under the First Amendment increases." *See Metro. Opera Ass'n*, 239 F.3d at 176 (citation omitted).

Plaintiff's only legitimate prayer for relief in this case is one for damages.  Courts have long held that the appropriate method to redress potentially violative speech, even defamatory speech, is through damages, and that a court may not issue a prior restraint as a remedy against speech of the same type.  *See Near*, 283 U.S. at 697 (holding that injunction against future defamatory speech as remedy for defamation violates First Amendment); *Metro. Opera Ass'n*,

2

239 F.3d at 177 ("[F]or almost a century the Second Circuit has subscribed to the majority view that, absent extraordinary circumstances, injunctions should not ordinarily issue in defamation cases."); *Lan Sang v. Ming Hai*, 951 F. Supp. 2d 504, 531 (S.D.N.Y. 2013) (Oetken, J.) (denying plaintiff's request to enjoin her former lawyer from making allegedly defamatory statements about her, because, *inter alia*, "'[t]he usual rule is that equity does not enjoin a libel or slander and that the only remedy for defamation is an action for damages.'" (alteration in original) (quoting *Cmty. for Creative Non-Violence v. Pierce*, 814 F.2d 663, 672 (D.C. Cir. 1987)) (some quotation marks omitted)). Thus, even if Plaintiff were able to prove her contention that Hearst's speech violates the VRPA (which it does not), her remedy would be limited to the sole means of redress provided by the statute, which is a hefty statutory penalty, *see* M.C.L. § 445.1715 (providing for $5,000 in statutory damages).

The Supreme Court has never upheld a prior restraint against speech protected by the First Amendment, even when faced with government claims of imminent harm to national security. *See N.Y. Times Co.*, 403 U.S. 713. There is certainly no basis for one here. Protection of Plaintiff's purported privacy interest in the fact that she subscribes to *Country Living* magazine is not a compelling government interest, much less one that could ever overcome the strong presumption against prior restraints under established law. Courts have repeatedly refused to issue prior restraints to protect alleged individual privacy interests on facts that are more compelling than those alleged here. *See Org. for a Better Austin*, 402 U.S. at 419-20 (reversing injunction against distribution of leaflets about broker that allegedly violated broker's privacy rights, holding that "[d]esignating the conduct as an invasion of privacy, the apparent basis for the injunction here, is not sufficient to support an injunction . . . ."); *Ostergren v. Cuccinelli*, 615 F.3d 263, 270-72 (4th Cir. 2010) (reversing injunction against website publication of records including social security numbers, holding that it violated the First Amendment); *In re Lifetime Cable*, No. 90-7046, 1990 WL 71961, at *1 (D.C. Cir. Apr. 6, 1990) (vacating temporary restraining order to prevent broadcast of film involving minor's description of alleged sexual abuse, holding that any rights the child or her father might have must be "redressed in legal actions that do not require a prior restraint in derogation of the First Amendment"); *Davis v. Forbes, Inc.*, 10 Media L. Rep. (BNA) 1272 (N.D. Tex. 1983) (rejecting request for injunction against publication of list of the richest people in the U.S. based on claim that publication would violate plaintiff's privacy interest).

Because Plaintiff seeks an injunction that is not provided for by the VRPA and would require this Court to issue an order imposing an unconstitutional prior restraint, Defendant's anticipated motion to strike should be granted. For these reasons, Hearst respectfully requests a conference to set a briefing schedule for its proposed motion to strike.

                                                    Respectfully submitted,

                                                    /s/ Jonathan R. Donnellan
                                                    Jonathan R. Donnellan

cc:    All counsel of record (via email)