IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUZANNE BOELTER, individually and on behalf of all other similarly situated,<br><br>                              Plaintiff,<br>   vs.<br><br>HEARST COMMUNICATIONS, INC.,<br><br>                              Defendant. | Civil Action No. 15-cv-03934-AT-JLC<br><br>**ORAL ARGUMENT REQUESTED** |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A TEMPORARY STAY OF DISCOVERY PENDING THE RESOLUTION OF DEFENDANT'S MOTION TO DISMISS

Defendant Hearst Communications, Inc. ("Hearst" or "Defendant") respectfully submits the following brief in support of its motion for a temporary stay of all discovery, inclusive of disclosure obligations under Federal Rule of Civil Procedure 26, pursuant to Federal Rule of Civil Procedure 26(c) (the "Motion to Stay Discovery") pending the resolution of its motion to dismiss (the "Motion to Dismiss," ECF No. 17) the complaint of Suzanne Boelter (the "Complaint," ECF No. 1).

### BACKGROUND

On May 21, 2015, plaintiff Suzanne Boelter ("Plaintiff") filed the Complaint against Hearst alleging that she is a subscriber to Hearst's *Country Living* magazine, and that Hearst violated the Michigan Video Rental Privacy Act, M.C.L. § 445.1711 *et seq*. ("VRPA") by disclosing her "Personal Reading Information" or "PRI" (*i.e.,* her name, address, and "titles of magazines subscribed to" (Compl. ¶¶ 2, 62)) to certain third parties. Plaintiff brings the current lawsuit on behalf of herself as well as a putative class of Michigan residents who subscribed to *Country Living* and allegedly had their PRI disclosed by Hearst to third parties without consent, and seeks, *inter alia*, $5,000 in statutory damages for each such purported violation.

On July 1, 2015, Hearst notified Plaintiff that the Complaint was legally deficient pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) and should be dismissed in its entirety. On July 8, 2015, Plaintiff responded that she believed the Complaint was adequately pled and should survive Hearst's anticipated motion to dismiss. On July 13 and 20, 2015, Hearst and Plaintiff, respectively, submitted letters to the Court outlining the legal bases for and against dismissal of the Complaint (ECF Nos. 11, 12). Pursuant to this Court's Order dated July 21, 2015 (ECF No. 10), Hearst submitted its Motion to Dismiss on August 17, 2015. Hearst's Motion to Dismiss argues:

- The Plaintiff lacks standing to assert claims in federal court under the Michigan VRPA because she has failed to plausibly allege that she has suffered any concrete and particularized injury under the statute, and thus fails to meet the "case and controversy" requirement under Article III of the Constitution. As a result, Plaintiff's lawsuit must be dismissed under Federal Rule of Civil Procedure 12(b)(1) because she lacks Article III standing. *See* Mot. to Dismiss 8-13.[1]

- This Court lacks subject matter jurisdiction over Plaintiff's lawsuit because the Class Action Fairness Act and Federal Rule of Civil Procedure 23 cannot confer federal jurisdiction predicated on class allegations under a Michigan state law that Michigan has determined may only be prosecuted on an individual basis. *See id.* at 14-22.

- The Michigan VRPA is unconstitutional both on its face and as applied to Hearst because it prohibits and criminalizes fully protected non-commercial speech using content- and speaker-based distinctions, and is impermissibly over- and under-inclusive in reach. The Michigan VRPA cannot survive strict scrutiny either with respect to Hearst's speech at issue in this lawsuit, or on its face. *See id.* at 22-32.

- Plaintiff's factual allegations fail to state a cause of action under the plain terms of the Michigan VRPA or under a common law theory of unjust enrichment, and as such the Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). *See id.* at 33-41.

---

[1] In the alternative, if Hearst's Motion to Dismiss is not granted on this basis, Hearst submits, and has requested, that the entire action (and not just discovery) should be stayed pending the outcome of a potentially dispositive case currently before the U.S. Supreme Court, *Spokeo, Inc. v. Robins*, No. 13-1339 (U.S.), which will be decided in the upcoming Term. *See* Mot. to Dismiss 13. The question presented in *Spokeo* is "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." Brief for Petitioner at i, *Spokeo, Inc. v. Robins*, (No. 13-1339), 2015 WL 4148655 (July 2, 2015).

The Parties met and conferred telephonically on July 20, 2015 pursuant to Federal Rule of Civil Procedure 26(f), at which time Hearst indicated that all discovery in this litigation should be temporarily stayed pending the Court's ruling on its Motion to Dismiss. Counsel for Plaintiff would not consent to Hearst's request, and a day later, on July 21, 2015, served Hearst with Plaintiff's First Set of Requests for Production of Documents (the "Document Requests") and First Set of Interrogatories (the "Interrogatories," and each an "Interrogatory"). Even a cursory review of Plaintiff's discovery requests make clear that she is seeking extremely broad categories of discovery in this matter, including:[2]

- "All documents concerning Hearst's policies concerning data sharing;" (Document Request No. 6)

- "Documents sufficient to show: (a) the selling, general, and administrative expenses, and (b) all other categories of expenses required to operate Hearst's business of selling subscribers' PERSONAL READING INFORMATION, on a monthly basis;" (Document Request No. 20)

- "Documents sufficient to show gross profit, operating profit, net profit, and any other measure of profit that Hearst uses derived from Hearst's sale or other disclosure of Michigan subscribers' PERSONAL READING INFORMATION, on a monthly basis;" (Document Request No. 21)

- "Documents sufficient to show all gross and net revenues derived from Hearst's sale of magazine subscriptions in Michigan, on a monthly basis, within the CLASS PERIOD;" (Document Request No. 25)

- "Documents sufficient to show: (a) the selling, general, and administrative expenses, and (b) all other categories of expenses required to operate Hearst's business of selling magazine subscriptions in Michigan, on a monthly basis;" (Document Request No. 26)

- "Documents sufficient to show gross profit, operating profit, net profit, and any other measure of profit that Hearst uses derived from Hearst's sale of magazine subscriptions in Michigan, on a monthly basis;" (Document Request No. 27)

---

[2] In setting out certain of Plaintiff's discovery requests, here, Hearst does not waive, and hereby explicitly reserves, its right to object and further respond to individual discovery requests and the definitions included therein. On August 24, 2015, Hearst served formal objections to Plaintiff's discovery requests.

3

- "State the gross profit, operating profit, net profit, and all other measures of profit used by Hearst derived from Hearst's sale or other disclosure of Michigan subscribers' PERSONAL READING INFORMATION, during the CLASS PERIOD;" (Interrogatory No. 9)

- "State (a) the selling, general, and administrative expenses, and (b) all other categories of expenses required to operate Hearst's business of selling subscribers' PERSONAL READING INFORMATION;" (Interrogatory No. 10)

- "State (a) the selling, general, and administrative expenses, and (b) all other categories of expenses required to operate Hearst's business of selling magazine subscriptions in Michigan, on a monthly basis;" (Interrogatory No. 13)

- "State the gross profit, operating profit, net profit, and all other measure of profit used by Hearst derived from Hearst's sale of magazine subscriptions in Michigan, on a monthly basis." (Interrogatory No. 14)

Before responding to these and other broad categories of discovery requested by Plaintiff, Hearst submits that good cause exists for this Court to temporarily stay all discovery in this matter pending its ruling on Hearst's Motion to Dismiss.

## ARGUMENT

As is laid out in detail in Hearst's Motion to Dismiss, there are several independent reasons why Plaintiff's lawsuit should be dismissed outright pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6). In this context, it makes little sense for this Court to permit the commencement of broad, costly, and burdensome discovery, when such efforts (not to mention costs on Defendant) may be entirely obviated by this Court's ruling on threshold legal issues.

The Federal Rules of Civil Procedure provide a court with discretion to stay discovery for "good cause" shown. *See* Fed. R. Civ. P. 26(c)(1). Courts have found that "good cause" exists to stay discovery where a pending dispositive motion—such as Hearst's Motion to Dismiss—has been filed. *See, e.g.*, *Targum v. Citrin Cooperman & Co., L.L.P.*, No. 12 CIV. 6909, 2013 WL 2181746, at *2 (S.D.N.Y. May 20, 2013) (finding good cause existed to stay discovery "until Plaintiffs have finalized their complaint and dismissal motion practice against that complaint has been briefed"); *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94-cv-2120, 1996 WL 101277, at *2 (S.D.N.Y. Mar. 7, 1996) ("Pursuant to Rule 26(c), it is clear that the Court has the discretion to

stay discovery for 'good cause,' and that good cause may be shown where a party has filed (or sought leave to file) a dispositive motion such as a motion to dismiss.") (collecting cases).

In this District, courts balance three factors in determining whether "good cause" exists for a stay of discovery: (1) the breadth and burden of discovery; (2) the prejudice resulting to the non-moving party from a stay; and (3) the strength of movant's underlying motion. *See, e.g.*, *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013); *Anti-Monopoly, Inc.*, 1996 WL 101277, at *2-4. Each of these factors weighs in favor of this Court granting a temporary stay of discovery in this lawsuit.

*First*, there can be no doubt that discovery in this case will be substantial. Plaintiff effectively conceded as much when on July 16, 2015 it submitted to Hearst a proposed case management plan that recognized that this litigation involves "complexities and exceptional circumstances that warrant [extended discovery] based on the combination of (1) the nature and scope of Plaintiffs' alleged claims, (2) Plaintiffs' attempt to certify [a Michigan class and any appropriate] subclasses, (3) the need for third-party discovery, (4) the fact discovery necessary to certify a class or subclasses and to prove/defend the merits of the case; and (5) the scope and extent of expert testimony necessary for class certification and to prove/defend the merits of the case." Further, Plaintiff's first set of propounded Document Requests and Interrogatories include broad categories of requested documents and data, underscoring that the "breadth and burden" of discovery in this litigation will be broad and significant.[3] The discovery schedules in the so-

---

[3] Plaintiff suggests that discovery in this litigation will be somehow less substantial because "[Hearst] has already responded to discovery and produced documents [in *Grenke v. Hearst Communications, Inc.*, No. 12-14221 (E.D. Mich.)]," *see* Ltr. from J. Marchese to Judge Torres, dated July 31, 2015 (ECF No. 14) at 4. This argument only makes sense if Plaintiff had been willing to confine their requested discovery to materials produced in the *Grenke* litigation. Of course, they have not done so, and, in the first blush, have propounded twenty-seven document requests and fourteen interrogatories that seek documents or information in addition to that provided in the *Grenke* litigation. Moreover, the *Grenke* litigation was filed in fall 2012, whereas the "class period" at issue in this litigation is May 2012 to May 2015—*i.e.,* the two lawsuits involve substantially different periods of time, and thus will likely involve very different sets of discovery materials.

5

called "nearly identical cases" under the Michigan VRPA currently pending in the Eastern District of Michigan, *see* Ltr. from J. Marchese to Judge Torres, dated July 31, 2015 (ECF No. 14) at 1-2, only underscore that discovery in the present litigation will undoubtedly take significant time and effort. *See, e.g.*, *Kinder v. Meredith Corp.*, No. 14-11284 (E.D. Mich.) (discovery commencing October 2014 and completed June 2015); *Coulter-Owens v. Rodale Inc.*, No. 14-12688 (E.D. Mich.) (discovery commencing March 2015 and scheduled to close November 2015).[4] Accordingly, a stay of discovery pending a dispositive motion is appropriate here because discovery is expected to be broad, complex, and expensive. *See, e.g.*, *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08 CIV. 2437, 2009 WL 274483, at *1 (S.D.N.Y. Feb. 3, 2009); *Am. Booksellers Ass'n, Inc. v. Houghton Mifflin Co.*, No. 94-Civ-8566, 1995 WL 72376, at *1 (S.D.N.Y. Feb. 22, 1995).

***Second***, Plaintiff does not—and cannot—point to any prejudice she will suffer if a short stay of discovery is granted pending the Court's decision on Hearst's Motion to Dismiss. *See, e.g.*, *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (granting stay of discovery, in part, because non-movant had not demonstrated any prejudice would result to it on account of a stay); *Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209, 211 (S.D.N.Y. 1991) (granting stay of discovery pending decision on a motion to dismiss because plaintiffs had not demonstrated "extraordinary prejudice" to them if a stay were granted). Indeed, in her pre-motion letter to the Court, Plaintiff could not offer a single viable argument as to how she will be prejudiced by a temporary stay of discovery. *See* Ltr. from J. Marchese to

---

[4] Curiously, Plaintiff contends that the lengthy discovery period in other VRPA cases proceeding in the Eastern District of Michigan weigh ***against*** a temporary stay of discovery in this litigation. *See* Ltr. from J. Marchese to Judge Torres, dated July 31, 2015 (ECF No. 14) at 4. Plaintiff has it backwards: under governing case law in this district, the fact that the discovery process is expected to be long and burdensome weighs ***in favor of*** a temporary stay pending resolution of a dispositive motion that may render such discovery unnecessary. *See, e.g.*, *Anti-Monopoly, Inc.*, 1996 WL 101277, at *3.

Judge Torres, dated July 31, 2015 (ECF No. 14) at 4.[5] Plaintiff will be entitled to no less discovery after a ruling on the Motion to Dismiss than she would be entitled to before that ruling, and no discovery whatsoever is needed for Plaintiff to defend her Complaint against any of the proffered grounds for dismissal. Hearst's requested temporary stay of discovery should be granted because it will result in no prejudice to Plaintiff.

*Third and finally*, Hearst's Motion to Dismiss provides compelling grounds for a brief stay given its challenge to standing, jurisdiction, and the facial validity of the statute at issue. Courts in this district have routinely found that a stay of discovery is appropriate when predicated on a motion that would potentially eliminate the entire action. *See, e.g.*, *Rivera v. Heyman*, No. 96-cv-4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue."). Any one of the principal grounds for Hearst's Motion to Dismiss, alone, is sufficient to result in complete dismissal of this lawsuit, and no discovery is needed for the Court to rule on their legal merits. The merits and scope of Hearst's anticipated Motion to Dismiss, then, weigh in favor of staying discovery until the underlying legal challenges are resolved by this Court. *See, e.g.*, *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 CV 5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (motion for stay of discovery granted pending decision on motion with "multiple, independent arguments for dismissal"); *Gandler v. Nazarov*, No. 94-civ-2272, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (stay of discovery should be granted where motion to dismiss "is potentially dispositive, and appears to be not unfounded in the law."); *Hong Leong Fin. Ltd.*

---

[5] Plaintiff cites to Rule 1 of the Federal Rules of Civil Procedure for the proposition that procedural rules should be interpreted to "secure the just, speedy, and inexpensive determination of every action". *See* Ltr. from J. Marchese to Judge Torres, dated July 31, 2015 (ECF No. 14) at 4. Granting *arguendo* that discovery, here, might proceed marginally quicker without a temporary stay of discovery, Plaintiff still ignores the other two interpretive canons contained in Federal Rule of Civil Procedure 1—justice and expense—which in this instance counsel in favor of a temporary stay of discovery pending the Court's resolution of threshold legal issues that may ultimately limit, if not entirely obviate, discovery in the future.

7

*(Singapore)*, 297 F.R.D. at 72 (granting a stay of discovery in part because of movant's "strong showing that the plaintiff's [underlying] claim is unmeritorious") (citation and quotation marks omitted). Counsel for Plaintiff may characterize Hearst's legal challenges in the Motion to Dismiss as "unlikely to succeed or irrelevant," and Plaintiff will have every ability to respond to the merits of Hearst's arguments in the briefing for that motion. But the fact remains that Hearst's Motion to Dismiss includes *several* dispositive arguments for *complete dismissal* of this lawsuit, *all* of which are purely legal arguments that cannot and will not be informed by early fact discovery on Hearst. A temporary stay of discovery pending this Court's ruling on Hearst's Motion to Dismiss is entirely appropriate under these circumstances.

## CONCLUSION

For the foregoing reasons, Hearst respectfully requests that this Court grant its motion and enter a protective order temporarily staying all discovery in this litigation, inclusive of disclosure obligations under Federal Rule of Civil Procedure 26, pending resolution of Hearst's Motion to Dismiss.

Dated: September 10, 2015

Respectfully submitted,

/s/ Jonathan R. Donnellan
Jonathan R. Donnellan
Kristina E. Findikyan
Stephen H. Yuhan
HEARST CORPORATION
Office of General Counsel
300 West 57th Street
New York, New York 10019-3792
Phone (212) 841-7000
Fax    (212) 554-7000
jdonnellan@hearst.com

*Attorneys for Defendant Hearst Communications, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2015, a true and correct copy of the foregoing was filed electronically on the Court's electronic filing system, and notice of this filing will be sent to all registered parties by operation of same.


By: /s/ Jonathan R. Donnellan
     Jonathan R. Donnellan