STATE OF MICHIGAN
DEPARTMENT OF ATTORNEY GENERAL



P.O. BOX 30212
LANSING, MICHIGAN 48909

**BILL SCHUETTE**
ATTORNEY GENERAL

December 28, 2015

**BY ECF & E-MAIL**

The Honorable Analisa Torres
United States District Court Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 1007

    Re:    *Boelter v. Hearst Communications, Inc.*, Case No. 15-CV-03934 – Intervention of Michigan Attorney General Bill Schuette

Dear Judge Torres:

    I am writing on behalf of Michigan Attorney General Bill Schuette pursuant to Rule I.E of Your Honor's Individual Practices in Civil Cases.

    On May 21, 2015, Plaintiff Suzanne Boelter filed a complaint alleging that Defendant Hearst Communications, Inc. (Hearst) violated Michigan's Video Rental Privacy Act (VRPA). Mich. Comp. Laws § 445.17, *et. seq*. Neither the State of Michigan, nor any agency, officer or employee of the State of Michigan is a party to this action.

    Michigan's Attorney General received notice pursuant to Federal Rule of Civil Procedure 5.1(b) that Hearst was raising a challenge to the constitutionality of the VRPA (Notice, Doc #40). Federal law, 28 U.S.C. § 2403(b), allows a State to intervene for presentation of evidence and for argument on the question of constitutionality, and, upon intervention, gives the State all the rights of a party.

    As Michigan's chief law enforcement officer, the Attorney General has a duty not only to ensure that the laws of the State of Michigan are followed, but also to defend those laws as enacted by the Legislature when those laws are challenged. Mich. Const. art. V, § 3; Mich. Comp. Laws § 14.28. The Attorney General thus has a substantial legal interest in this matter relating to the constitutionality of the VRPA, and should be allowed to intervene to ensure that the State's interests are adequately presented via a vigorous defense of the Act.

Honorable Judge Analisa Torres
Page 2
December 28, 2015

  The notice provided by Hearst was dated November 2, 2015, and the Federal Rules of Civil Procedure allow the Attorney General 60 days in which to intervene. Fed. R. Civ. P. 5.1(c).  Accordingly, the Attorney General's request is timely.

  The Attorney General proposes to file a brief in support of the VRPA, and in opposition to Defendants' motion to dismiss (Motion, Doc # 17; Memorandum of Law, Doc #18), as it pertains to the constitutionality of the VRPA, within three weeks of being allowed to intervene, or as otherwise directed by the Court.

  For the reasons set forth above, Michigan Attorney General Bill Schuette respectfully requests that this Honorable Court grant his motion to intervene pursuant to 28 U.S.C. § 2403(B) and Federal Rule of Civil Procedure 5.1(c), and be allowed three weeks from intervention to file a brief in support of the constitutionality of the VRPA.

  In the event this motion falls outside the scope of letter-motion practice, the Attorney General respectfully asks that this letter be treated as a request for a pre-motion conference pursuant to Rule III.A.ii of Your Honor's Individual Practices in Civil Cases.

            Sincerely,

            /s/Joshua O. Booth
            Joshua O. Booth
            Assistant Attorney General
            State Operations Division
            P.O. Box 30754
            Lansing, MI  48909
            (517) 373-1162
            Boothj2@michigan.gov

cc:  Counsel of record (via e-mail)

2015-0124073-A