UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUZANNE BOELTER, individually and on behalf of others similarly situated, | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 12/16/16 |
| Plaintiff, | |
| -against- | 15 Civ. 3934 (AT) (JLC) |
| HEARST COMMUNICATIONS, INC., | |
| Defendant. | |
| JOSEPHINE JAMES EDWARDS, individually and on behalf of others similarly situated, | |
| Plaintiff, | |
| -against- | 15 Civ. 9279 (AT) (JLC) |
| HEARST COMMUNICATIONS, INC., | **ORDER** |
| Defendant. | |

ANALISA TORRES, District Judge:

Plaintiffs, Suzanne Boelter and Josephine James Edwards, move for an order sanctioning Defendant, Hearst Communications, Inc., for denying certain allegations in the consolidated class action complaint (the "CCAC"). *Boelter*, ECF No. 92; *Edwards*, ECF No. 36. Defendant seeks attorneys' fees and costs in connection with opposing Plaintiffs' motion. Def. Mem. at 16-18, *Boelter*, ECF No. 99; *Edwards*, ECF No. 43. For the reasons stated below, both requests are DENIED.

## BACKGROUND

The Court assumes familiarity with the facts of the case and recites facts only as relevant to the present motion. On May 21, 2015, Plaintiff Boelter filed a class action complaint against Defendant alleging violation of the Michigan Video Rental Privacy Act, H.B. 5331, 84th Leg., Reg. Sess., P.A. No. 378, § 2 (Mich. 1988) (amended 2016), and unjust enrichment. *Boelter*, ECF No. 1. On November 24, 2015, Plaintiff Edwards filed a class action complaint asserting similar claims. *Edwards*, ECF. No. 1. The complaints were consolidated and, on February 26, 2016, Plaintiffs filed their CCAC. *Boelter*, ECF No. 67 ("CCAC"). Defendant filed an answer to the CCAC on June 1, 2016. *Boelter*, ECF No. 83 ("Answer").[1]

On October 17, 2016, the Court granted Plaintiff Boelter's request to dismiss her claims against Defendant with prejudice. *Boelter*, ECF No. 125; *Edwards*, ECF No. 67. "'It is well

---

[1] These documents do not appear on the *Edwards* docket. The parties should ensure that all documents are filed on both case dockets, for the sake of creating a complete record.

established,' however, 'that a federal court may consider collateral issues after an action is no longer pending.'" *U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*, 775 F.3d 128, 134 (2d Cir. 2014) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990)).

Plaintiffs' motion for sanctions focuses on Defendant's answer to two paragraphs in the CCAC. Paragraph 7 of the CCAC states, in relevant part: "Plaintiff Suzanne Boelter is a natural person and citizen of the State of Michigan. Plaintiff Boelter is a subscriber to *Country Living* magazine, which is published by Hearst." CCAC ¶ 7. Paragraph 8 states, in relevant part: "Plaintiff Josephine James Edwards is a natural person and citizen of the State of Michigan. Plaintiff Edwards is a subscriber to *Good Housekeeping* magazine, which is published by Hearst." CCAC ¶ 8. Defendant answered these two paragraphs by stating, in relevant part:

> 7. Hearst admits that it publishes *Country Living* magazine. To the extent the allegations in paragraph 7 pertain to facts or information exclusively within Plaintiff Boelter's control, Hearst denies knowledge and information sufficient to form a belief as to the truth of such allegations. . . . Hearst denies the remainder of the allegations contained in paragraph 7.

> 8. Hearst admits that it publishes *Good Housekeeping* magazine. To the extent the allegations in paragraph 8 pertain to facts or information exclusively within Plaintiff Edwards's control, Hearst denies knowledge and information sufficient to form a belief as to the truth of such allegations. . . . Hearst denies the remainder of the allegations contained in paragraph 8.

Answer ¶¶ 7-8. Plaintiffs contend that Defendant should have admitted that Plaintiff Boelter was subscribed to *Country Living* and Plaintiff Edwards was subscribed to *Good Housekeeping*. The parties conferred on July 7, 2016, and Defendant maintained that it could not determine the veracity of those two facts. Pl. Mem. at 4, *Boelter*, ECF No. 94; *Edwards*, ECF No. 38. Plaintiffs explained to Defendant that Plaintiff Edwards recently married and changed her name from "Josephine James" to "Josephine James Edwards," such that her subscription to *Good Housekeeping* might be under her maiden name. *Id.*

The basis for Plaintiffs' motion for sanctions is evidence from a website operated by CDS Global, which provides the ability to search for subscribers of Hearst publications by name and address. *Id.*; Marchese Decl. Ex. D, *Boelter*, ECF No. 93-4; *Edwards*, ECF No. 37-4. According to the data presented, a "Suzanne Boelter" living in Spruce, Michigan, had a "Cancelled" account status for *Country Living*. Marchese Decl. Ex. E. This Michigan address matches the address provided by Plaintiff Boelter in her civil cover sheet. *Boelter*, ECF No. 2. Later evidence uncovered during discovery has indicated that Plaintiff Boelter's subscription to *Country Living* was cancelled in October 2015. Def. Mem. at 10; *see* Yuhan Decl. ¶ 6, *Boelter*, ECF No. 102; *Edward*, ECF No. 46.

Plaintiffs also presented data from CDS Global that show that a "Josephine James" in Berkley, Michigan, was a subscriber of *Good Housekeeping* with an account status of "Active Paid" through September 2016. Marchese Decl. Ex. F. On the case's civil cover sheet, Plaintiff

2

Edwards lists her name as "Josephine James Edwards" and her address in Miami, Florida. *Edwards*, ECF No. 2.

On July 14, 2016, Plaintiffs sent a letter to Defendant pursuant to Federal Rule of Civil Procedure 11(c)(2) that included the CDS Global data. Pl. Mem. at 7. Following the 21-day safe-harbor period prescribed by Rule 11, this motion was filed.

## DISCUSSION

1. Rule 11 Standard

"By presenting to the court a pleading . . . —whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that "denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonable based on belief or a lack of information." Fed. R. Civ. P. 11(b)(4). Thus, the Rule "imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed." *Sorenson v. Wolfson*, 170 F. Supp. 3d 622, 626 (S.D.N.Y. 2016) (quoting *Gutierrez v. Fox*, 141 F.3d 425, 427 (2d Cir. 1998)).

"In evaluating whether the signer of a filing has violated Rule 11, the district court applies an objective standard of reasonableness, examining whether, under the circumstances of a given case, the signer has conducted a 'reasonably inquiry' into the basis of a filing." *MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 73 F.3d 1253, 1257-58 (2d Cir. 1996) (citing *Bus. Guides, Inc. v. Chromatic Comm'ns Enters., Inc.*, 498 U.S. 533, 548 (1991)). A court must "avoid hindsight and resolve all doubts in favor of the signer." *Hutter v. Countrywide Bank, N.A.*, 41 F. Supp. 3d 363, 387 (S.D.N.Y. 2014) (citing *Oliveri v. Thompson,* 803 F.2d 1265, 1275 (2d Cir. 1986)). Finally, "[a] sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

Although Rule 11 imposes a duty when an attorney "presents" a pleading by "signing, filing, submitting, *or later advocating*" it, *O'Brien v. Alexander*, 101 F.3d 1479, 1489 (2d Cir. 1996) (quoting Fed. R. Civ. P. 11(b)), "sanctions may not be imposed unless a particular allegation is *utterly lacking in support*," *id.* (emphasis added). "Indeed, '[t]he focus of the inquiry is the attorney's and/or party's reasonable belief at the time of filing, not at some later time when developments during discovery or trial reveal no basis for the belief.' . . . 'This construction of Rule 11 serves to punish only those who would manipulate the federal court system for ends inimicable to those for which it was created.'" *New V & J Produce Corp. v. NYCCaterers Inc.*, No. 13 Civ. 4861, 2014 WL 5026157, at *5 (S.D.N.Y. Sept. 29, 2014) (quoting *Vinuela v. S.S. Britanis,* 647 F. Supp. 1139, 1148 (S.D.N.Y. 1986)).

2. Application

The Court finds that Defendant was not objectively unreasonable in denying the allegations in Paragraph 7 of the CCAC. Plaintiff Boelter was, as described above, a subscriber of *Country Living* only through October 2015. Def. Mem. at 10; Yuhan Decl. ¶ 6. As a result, she was a subscriber of *Country Living* when the original complaint was filed in May 2015,

3

*Boelter*, ECF No. 1, but not when the CCAC was filed in February 2016, *Boelter*, ECF No. 67. Defendant did not answer the original complaint; its first and only answer was filed in response to the CCAC. *See Boelter*, ECF No. 83. Accordingly, Defendant's denial of Paragraph 7 would have been proper had only the consolidated class action complaint been filed. Plaintiffs contend, however, that the CCAC relates back to the original complaint under Rule 15(c) and that Defendant had an obligation to respond to the CCAC as if it were filed in May 2015. Def. Reply at 6-12, *Boelter*, ECF No. 108; *Edwards*, ECF No. 52. Plaintiffs are correct that the CCAC relates back to original complaint and "speaks as of" the date of original filing. *Id.* at 11 (citing *Pony Pal, LLC. v. Claire's Boutiques, Inc.*, No. 05 Civ. 2355, 2006 WL 846354, at *3 (S.D.N.Y. Mar. 31, 2006)). Time-sensitive procedural issues, such as statute of limitation or standing, are therefore evaluated as of the date of the original complaint. *See, e.g., Bldg. & Constr. Trades Council of Buffalo, N.Y. & Vicinity v. Downtown Dev., Inc.*, 448 F.3d 138, 151 (2d Cir. 2006) ("[T]he critical time for determining whether there is an ongoing violation is when the complaint is filed." (internal quotation marks and citation omitted)); 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1496 (3d ed. 2010) ("Rule 15(c) is based on the notion that once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations . . . ."). However, Plaintiffs have not provided, and the Court cannot find, support for the proposition that a statement written in the present tense—"Plaintiff Boelter <u>is</u> a subscriber to *Country Living* magazine," CCAC ¶ 7 (emphasis added)—must be construed as of the date of the original filing. Rather, resolving doubts in favor of Defendant, the Court cannot conclude that Defendant was objectively unreasonable and utterly lacking in support by answering, in July 2016, that Plaintiff Boelter was not presently a subscriber to *Country Living* magazine.

Defendant was also not unreasonable in denying the allegations in Paragraph 8 of the CCAC. Plaintiff Edwards was listed in both the original complaint and the CCAC as "Josephine James Edwards," and described as a Michigan resident. *Edwards*, ECF No. 1 ¶ 27; CCAC ¶ 8. However, the case's civil cover sheet lists Plaintiff Edwards' state of residence as Miami, Florida, *Edwards*, ECF No. 2, and she was in fact subscribed to *Good Housekeeping* under the name "Josephine James," Marchese Decl. Ex. F. Further, according to Defendant, there are two separate subscription records under "Josephine James" at two different Michigan addresses. *Edwards*, ECF No. 84, at 2. Under these circumstances, it would have been impossible for Defendant to conclusively confirm that Plaintiff Edwards—whose subscription was under a variation of the name listed in the complaints and at a different address and in a different state than the one provided to the court—had an active subscription to *Good Housekeeping*. Defendant's cautious approach is particularly reasonable given its experience in a similar but unrelated lawsuit where discovery uncovered that the plaintiff in that case was not the subscriber of record, which led to the case being dismissed. Def. Mem. at 4; Donnellan Decl. ¶ 9 & Ex. A, *Boelter*, ECF No. 99-1; *Edwards*, ECF No. 43-1. Accordingly, Defendant's denial was not objectively unreasonable or utterly lacking in support, and sanctions are not warranted.

Defendant seeks, under Rule 11 and the Court's inherent authority, an award of reasonable attorneys' fees and costs incurred in opposing Plaintiffs' motion for sanctions. Def. Mem. at 16-18. Although the Court denies Plaintiffs' motion for sanctions, the Court finds that Plaintiffs' motion was not objectively unreasonable or brought "with the sole aim of harassment or delay or for another improper purpose." *ED Capital, LLC v. Bloomfield Inv. Res. Corp.*, 316 F.R.D. 77, 83 (S.D.N.Y. 2016) (citing *United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338,

1345 (2d Cir. 1991)); *see also id.* ("Because the award of attorney's fees to the prevailing party is an exception to the 'American Rule' preventing the shifting of attorneys' fees to the losing party, the Court may only award attorneys' fees under its inherent authority in exceedingly limited circumstances."). The parties shall each bear their own fees and costs associated with this motion.

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiffs' request for sanctions and DENIES Defendant's request for attorneys' fees and costs. The Clerk of Court is directed to terminate the motions at *Boelter*, ECF No. 92, and *Edwards*, ECF No. 36.

Finally, the Court echoes the Honorable James L. Cott in hoping that the parties will be able to proceed with this litigation without the acrimony that they have thus far exhibited. *See Boelter*, ECF No. 126, at 69-71.

SO ORDERED.

Dated: December 16, 2016
      New York, New York

                                             ANALISA TORRES
                                         United States District Judge